IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| JIMMIE PEARSON<br>16 Ashlar Hill Court<br>Parkville, MD 21234<br><br>- and -<br><br>CHARLES STREETER<br>5 Babybird Court<br>Halethorpe, MD 21227-3525<br><br>For themselves and on behalf<br>of all similarly situated individuals,<br><br>Plaintiffs,<br><br>- Versus -<br><br>PROFESSIONAL 50 STATES<br>PROTECTION, LLC.<br>3737 Branch Ave, Suite 116<br>Temple Hills, MD 20748<br>*Serve Upon:* Resident Agent<br>UNITED CORPORATE & BUSINESS<br>SERVICES OF NEVADA LLC<br>500 N Rainbow Blvd Suite 300 B<br>LAS VEGAS, NV 89107<br><br>- and –<br><br>ALPHONSO A. TILLMAN, PRESIDENT<br>3737 Branch Avenue, Suite 116<br>Temple Hills, MD 20748<br><br>Defendants. | Case No.:_____<br><br>**FLSA Collective Action**<br><br>**- and -**<br><br>**Rule 23 Class Action**<br><br>**JURY TRIAL DEMAND** |

1

## PLAINTIFFS' VERIFIED COLLECTIVE AND CLASS ACTION COMPLAINT

Jimmie Pearson and Charles Streeter (collectively "Plaintiffs"), by and through undersigned counsel, sue on their own behalf and on behalf of all similarly situated individuals, Professional 50 States Protection LLC and Alphonso A. Tillman (collectively "Defendants") and state as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is vested in the Court pursuant to 28 U.S.C. §1331 and the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

2. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, which allows jurisdiction over pendant parties and pendant claims.

3. Plaintiffs' forum selection is proper pursuant to 28 U.S.C. §1391(b) since much of the controversy giving rise to Plaintiffs' claims occurred in this District; moreover, Pro 50 is headquartered and carries-on business in this District and many of the relevant witnesses and documents are located, or, are easily accessible to this District. The Court is the most appropriate venue for this controversy as a matter of law and as a matter of forum selection.

### THE PARTIES

4. At all times relevant to this action, Plaintiff Jimmie Pearson ("Pearson") has been an employee of Defendants and has resided in the state of Maryland. Pearson worked for Defendants as a security guard, on site, at several of its' customer locations throughout the Baltimore-Washington Metro Area.

5. At all times relevant to this action, Plaintiff Charles Streeter ("Streeter") has been an employee of Defendants and has resided in the state of Maryland. Streeter worked for Defendants as a

security guard, on site, at several of its' customer locations throughout the Baltimore-Washington Metro Area.

6. Professional 50 States Protection, LLC. ("Pro 50") is a limited liability company organized under the laws of the State of Nevada, engaged in the business of providing its' customers with armed and unarmed uniformed Security Officers. Pro 50's services are provided to various customers including corporate clients at Class A office buildings, condominiums, apartment complexes, shopping malls, landfills, and hotels throughout Washington, D.C., Maryland, Pennsylvania, and Virginia[1] ('Balt-DC Metro Area").

7. Alphonso A. Tillman ("Tillman") is the President and upon information and belief maintains an ownership interests in Pro 50.[2]

## FACTUAL BACKGROUND
## THE COLLECTIVE AND CLASS ELEMENTS OF PLAINTIFFS' CLAIMS

8. Pro 50 provides and has provided security services to various customers including corporate customers at Class A office buildings, condominiums, apartment complexes, shopping malls, landfills, and hotels.

9. In support of its contracts with these customers, Pro 50 sends unarmed and armed security guards to work, on site, at its' customer locations throughout the Balt-DC Metro Area.

10. Plaintiff Pearson was hired by Pro 50 as a security guard on about August 2008.

11. Plaintiff Streeter was hired by Pro 50 as a security guard on about October 2008.

---

[1] *See* http://callpro50.com/company_overview; Domain name registered to Alphonso A. Tillman *See* http://whois.domaintools.com/callpro50.com.
[2] http://www.youtube.com/watch?v=JDJY4RYaVyY.

12.     Other employees have been employed by Pro 50 that are similarly situated to Plaintiffs ("Putative Plaintiffs").

13.     While employed by Pro 50 Plaintiffs Pearson and Streeter and as well the Putative Plaintiffs worked in excess of 40 hours per work week.

14.     Defendants failed to properly compensate Plaintiffs and the Putative Plaintiffs for their "suffered and permitted" hours worked, including the failure to pay them an overtime premium.

15.     Defendants were aware of the fact that Plaintiffs and the Putative Plaintiffs worked more than 40 hours per work week.

16.     Plaintiffs and the Putative Plaintiffs were not employed by Defendants as independent contractors.

17.     The hours worked by Plaintiffs and the Putative Plaintiffs were maintained and recorded by Defendants.

18.     Defendants failed to monitor the break time taken by Plaintiffs and the Putative Plaintiffs and did not properly compensate them for the time they have spent working through their break periods.

19.     Defendants unjustifiably deducted and withheld wages from Plaintiff Pearson's paycheck.

20.     Defendant unjustifiably deducted and withheld from Plaintiff Streeter's paycheck.

21.     Plaintiffs and the Putative Plaintiffs are each victims of Defendants' common scheme, practice and policy that works to deprive them of federal and state statutorily mandated wages, including the payment of a premium for overtime worked.

22.     Plaintiffs' work as security guards is similar, and typical, to the job duties of the Putative Plaintiffs.

23. The question of whether Defendants violated the Fair Labor Standards Act and the Maryland Wage and Hour Law and/or the Maryland Wage Payment Collection Law is one that is common to Plaintiffs and the Putative Plaintiffs.

24. The question of whether Defendants made good faith efforts to comply with the Fair Labor Standards Act and the Maryland Wage and Hour Law and/or the Maryland Wage Payment Collection Law is one that is common to Plaintiffs and the Putative Plaintiffs.

25. The question of whether Defendants willfully or recklessly disregarded the Fair Labor Standards Act and the Maryland Wage and Hour Law and/or the Maryland Wage Payment Collection Law is one that is common to Plaintiffs and the Putative Plaintiffs.

## COUNT I
## COLLECTIVE ACTION CLAIM FOR
## FAILURE TO PAY OVERTIME

28. Plaintiffs hereby re-allege and incorporate each of the preceding paragraphs as if fully set-forth herein.

29. Plaintiffs and the Putative Plaintiffs were at all times employees within the meaning of the FLSA.

30. Plaintiffs and the Putative Plaintiffs worked more than forty-hours in a work week and are entitled to FLSA mandated overtime compensation.

31. Plaintiffs and the Putative Plaintiffs are entitled to FLSA mandated compensation for time spent getting ready to work, time spent on call, or time otherwise committed to Defendants.

32. Defendants have not paid Plaintiffs and the Putative Plaintiffs their full wages as mandated by the FLSA.

33. Defendants' violation of the FLSA is willful.

34. Plaintiffs and the Putative Plaintiffs have suffered pecuniary losses and are entitled to full recovery under the FLSA.

## COUNT II
## CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME UNDER MARYLAND WAGE AND HOUR LAW

35. Plaintiffs hereby re-allege and incorporate each of the preceding paragraphs as if fully set-forth herein.

36. Plaintiffs and the Putative Plaintiffs have worked more than forty-hours in a work week are entitled to MWHL mandated overtime compensation.

37. Plaintiffs and the Putative Plaintiffs are entitled to compensation for time spent getting ready to work, time spent on call, or time otherwise committed to Defendants.

38. Defendant has not paid Plaintiffs and the Putative Plaintiffs their full wages as mandated by the MWHL.

39. Defendants' violation of the MWHL is willful.

40. Plaintiffs and the Putative Plaintiffs have suffered pecuniary losses and are entitled to full recovery pursuant to the MWHL.

## COUNT III
## CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME UNDER MARYLAND WAGE PAYMENT AND COLLECTION LAW

41. Plaintiffs hereby re-allege and incorporate each of the preceding paragraphs as if fully set-forth herein.

42. Plaintiffs and the Putative Plaintiffs are entitled to compensation for time spent otherwise committed to and on behalf of Defendants.

43.     Defendants have not paid Plaintiffs and the Putative Plaintiffs their full wages as is mandated by the MWPCL.

44.     Defendants' violation of the MWPCL is willful.

45.     Plaintiffs and the Putative Plaintiffs have suffered pecuniary losses and are entitled to full recovery under the MWPCL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court render judgment in their favor on all counts, and grant the following relief as to each named Plaintiff and as on a class-wide basis to each Putative Plaintiff:

1. Issue a notice of opt-in rights to the unnamed plaintiffs and manage the opt-in proceedings as a collective action pursuant to 29 U.S.C. §216(b);

2. Order that this action proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Issue a declaratory judgment that Plaintiffs, and the Putative Plaintiffs, are entitled to additional compensation pursuant to the FLSA;

4. Issue a declaratory judgment that Plaintiffs, and the Putative Plaintiffs, were harmed by Defendants' violations of the FLSA;

5. Award Plaintiffs, and the Putative Plaintiffs, compensation in an amount consistent with their entitlement under the FLSA;

6. Award Plaintiffs, and the Putative Plaintiffs, additional compensation in the form of FLSA mandated liquidated damages;

7. Award Plaintiffs, and the Putative Plaintiffs, the cost of these proceedings and reasonable attorneys' fees as mandated by the FLSA;

8. Issue a declaratory judgment that Plaintiffs, and the Putative Plaintiffs, are entitled to additional compensation under the MWHL;

9. Issue a declaratory judgment that Plaintiffs, and the Putative Plaintiffs, were harmed by Defendants' violations of the MWHL;

10. Award Plaintiffs, and the Putative Plaintiffs, compensation in an amount consistent with their entitlement under the MWHL;

11. Award Plaintiffs, and the Putative Plaintiffs, additional compensation in the form of MWHL mandated liquidated damages;

12. Award Plaintiffs, and the Putative Plaintiffs, the cost of these proceedings and reasonable attorneys' fees as mandated by the MWHL;

13. Issue a declaratory judgment that Plaintiffs, and the Putative Plaintiffs, are entitled to additional compensation pursuant to the MWPCL;

14. Issue a declaratory judgment that Plaintiffs, and the Putative Plaintiffs, were harmed by Defendants' violations of the MWPCL;

15. Award Plaintiffs, and the Putative Plaintiffs, compensation in an amount consistent with their entitlement under the MWPCL;

16. Award Plaintiffs, and the Putative Plaintiffs, additional compensation in the form of MWPCL mandated liquidated damages;

17. Award Plaintiffs, and the Putative Plaintiffs, the cost of these proceedings and reasonable attorneys' fees as mandated by the MWPCL;

18. Award Plaintiffs, and the Putative Plaintiffs, additional compensation in the form of MWPCL mandated treble damages;

19. Award Plaintiffs, and the Putative Plaintiffs, any amounts necessary to compensate them for breach of contract;

20. Award Plaintiffs, and the Putative Plaintiffs, any amounts necessary to compensate them for Defendants' unjust enrichment;

21. Award Plaintiffs, and the Putative Plaintiffs, pre-and post-judgment interest and court costs as further allowed by law and equity; and

22. Grant any further relief as this Court may deem just and proper in the interest of justice.

## JURY TRIAL DEMANDED

Plaintiffs request a trial by jury on all matters so triable.

_____
Allan E. Feldman, Esq., # 17092

## VERIFICATON OF COMPLAINT

I solemnly affirm under the penalties of perjury that the contents of the foregoing Complaint are true to the best of my knowledge, information, and belief.

_____
JIMMIE PEARSON

_____
CHARLES STREETER

 

Respectfully submitted,

_____
Michael J. Snider, Esq., #24695
Ari Taragin, Esq., #27409
Allan E. Feldman, Esq., # 17092
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, MD 21208
410-653-9060 phone
410-653-9061 fax
mike@sniderlaw.com email
ecf@sniderlaw.com email
Attorneys for Plaintiff

_____
Andreas N. Akaras, Esquire #14290
The Akaras Law Offices
4423 Lehigh Road, #308
College Park, MD 20740
Telephone: (301) 864-7763
Facsimile: (866) 838-5556

*Attorneys for Plaintiffs*