IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JIMMY PEARSON, et al., | * | |
| Plaintiff(s), | * | |
| v. | * | Civil Action No.: RDB-09-3232 |
| PROFESSIONAL 50 STATES PROTECTION, LLC, et al. | * | |
| | * | |
| Defendant(s). | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs Jimmie Pearson ("Pearson") and Charles Streeter ("Streeter"), on behalf of themselves and others similarly situated (collectively "Plaintiffs"), filed this class action lawsuit against Professional 50 States Protection, LLC ("Pro 50"), and Alphonso A. Tillman ("Tillman") (collectively "Defendants"), alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.* and 3-501 *et seq.* Pro 50 is a limited liability company organized under the laws of the state of Nevada and headquartered in Temple Hills, Maryland. Defendant Tillman is the president of Pro 50. Pro 50 is primarily engaged in providing uniformed security guards to its clients in the Baltimore-Washington metropolitan area. Plaintiffs allege that Defendants violated 29 U.S.C. § 207(a)(1) of the FLSA by failing to compensate employees for overtime wages. Similarly, Plaintiffs allege that Defendants violated the MWHL and MWPCL by failing to pay overtime wages.

Pending before the Court is Defendant Tillman's Motion to Dismiss (Paper No. 18) whereupon Tillman seeks dismissal as to himself for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendant Tillman's Motion to Dismiss (Paper No. 18) is DENIED.

## **BACKGROUND**

In ruling on a motion to dismiss, "[t]he factual allegations in the Plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Pro 50 is a limited liability company engaged in providing security services to office buildings, condominiums, apartment complexes, hotels, and other entities, primarily in the Baltimore-Washington metropolitan area. Compl. ¶ 6, 8. Plaintiffs allege that while employed at Pro 50, Plaintiffs worked in excess of 40 hours per week, that Defendants failed to properly compensate Plaintiffs for overtime wages, that Defendants were aware of the fact that Plaintiffs worked more than 40 hours, that the hours worked by Plaintiffs were maintained and recorded by Defendants, and that Defendants unjustifiably deducted and withheld wages from Plaintiffs' paychecks. *Id.* ¶ 13-20. Furthermore, Plaintiffs allege that they are victims of a common scheme by Defendants to deprive Plaintiffs of wages, including overtime premiums. *Id.* ¶ 21. Plaintiffs allege that other current and former employees of Pro 50 are similarly situated (the "putative Plaintiffs"), and that the question of whether Defendants violated the FLSA and the MWHL and/or the MWPCL is one that is common across the putative class. *Id.* at 12, 23. Plaintiffs allege that Tillman is the President of Pro 50 and maintains an ownership position in the company. *Id.* ¶ 7. Defendants

acknowledge that Tillman is the President, but deny that he has an ownership position in the company. Answer ¶ 7.

Defendant Tillman filed the instant Motion to Dismiss (Paper No. 18) on July 20, 2010. Attached to the Motion to Dismiss is an Affidavit signed by Defendant Tillman that acknowledges that he is the President of Pro 50, but denies that he has any direct involvement in computing the working hours or setting the rate of pay for employees of Pro 50. In response, Plaintiffs filed an Opposition (Paper No. 23) on August 5, 2010. Plaintiffs also included several attachments that purport to show that Tillman is the President of Pro 50 and has an ownership interest in the company. Defendants filed a Reply (Paper No. 25) on August 18, 2010, urging that, as a result of the materials outside of the pleadings filed by the parties, this Court should treat the earlier Motion to Dismiss as a Motion for Summary Judgment. Defendant Tillman's main argument in support of his Motion to Dismiss or in the alternative for summary judgment is that Plaintiffs have failed to allege any facts that would give rise to the liability of Defendant Tillman in his individual capacity.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

If the court considers matters outside of the pleadings on a Rule 12(b)(6) motion, it must treat the motion as one for summary judgment and provide all parties a "reasonable opportunity to present all material made pertinent to such a motion." Fed. R. Civ. P. 12(b). "When a party is

aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious."). In this case, both parties have submitted materials outside the pleadings, and Defendant Tillman has urged this Court to treat his Motion to Dismiss as a Motion for Summary Judgment. However, at this stage in the proceedings, it is not necessary for this Court to consider the extraneous materials submitted by the parties, and this opinion will address only Defendant Tillman's Motion to Dismiss.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be

supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

Plaintiffs filed this lawsuit alleging that Pro 50 and Tillman, the company's President, failed to pay them overtime compensation thereby violating the FLSA, the MWHL, and the MWPCL. The FLSA, the MWHL, and the MWPCL provide relief for overtime compensation and the payment of wages for hours actually worked. *See* 29 U.S.C. §§ 201 *et seq.* (2009); Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.* and 3-501 *et seq.* (2009). Defendant Tillman seeks dismissal as to himself arguing that he is not individually liable as an "employer" under the FLSA.

Congress enacted the Fair Labor Standards Act in 1938 to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." Pub. L. No. 75-718, 52 Stat. 1060 (1938) (codified as amended at 29 U.S.C. §§ 201 *et seq.*). To this end, the FLSA generally requires employers to compensate employees for all of the hours worked, at a rate that is not less than the

federal minimum wage rate. *See* 29 U.S.C. § 206(a)(1). In addition, the FLSA provides that employers must compensate employees at "a rate not less than one and one-half times the employee's regular hourly rate" for any time the employee is required to work in excess of a 40-hour workweek. 29 U.S.C. § 207(a). Because compliance with the FLSA is impossible without certainty as to the number of hours employees actually work, the FLSA requires that employers "make, keep and preserve" records of wages, hours, and "other conditions and practices of employment. . . ." 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(7)-(9). Any employer who violates Sections 206 or 207 of the FLSA is liable to the affected employees for unpaid wages and liquidated damages. 29 U.S.C. § 216(b). Injunctive relief may also be ordered against an employer who violates any provision of the FLSA. 29 U.S.C. § 217.

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)). Federal courts almost universally state that this definition is to be interpreted broadly to achieve Congress's intent to provide a remedy to employees for their employers' wage and hour violations. *See, e.g.*, *id.*; *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009); *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006). The Supreme Court has stated that the determination of whether an employer-employee relationship exists does not depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947). Courts generally look at the "economic reality" of an individual's status in the workplace before determining liability. *See Schultz*, 466 F.3d at 304; *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961). The economic reality of an individual's status as an

employer may be determined by examining a number of factors—such as the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship. *See Baystate Alternative Staffing v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998). Indeed, the United States Court of Appeals for the Ninth Circuit recently stated that "[w]here an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the [FLSA], and is subject to liability. *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (internal quotation marks and citations omitted). This Court has previously held that there is clear legal authority for the imposition of personal liability on a corporate officer that exercises a high level of control for the FLSA violations of a corporation. *See Chao v. Self Pride, Inc.*, No. 03-3409, 2005 WL 1400740, at *12 (D. Md. 2005). Indeed, the United States Court of Appeals for the Fourth Circuit has held that [s]eparate persons or entities that share control over an individual worker may be deemed joint employers under the FLSA. *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006).

In their complaint, aside from stating that Tillman is the President of Pro 50, Plaintiffs have not specifically identified any actions or activities undertaken by Tillman in his individual capacity. Nevertheless, Plaintiffs frame all allegations made in their Complaint in the plural, and this Court will construe all alleged facts in the light most favorable to the Plaintiffs. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In other words, this Court will presume that all allegations made against the Defendants also apply equally to Tillman in his individual capacity. Plaintiffs allege that Defendants failed to properly compensate Plaintiffs for their hours worked and for overtime. Compl. ¶ 14. Furthermore, Plaintiffs allege that

Defendants maintained and recorded the hours worked by Plaintiffs and were aware that Plaintiffs worked in excess of 40 hours per week. *Id.* at ¶ 15, 17.

Under the plausibility standard of *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), these allegations are sufficient to state a plausible claim. In *Iqbal*, the Court explained that a claim's plausibility will inevitably be "context-specific." *Id.* at 1940. Judges must draw on their judicial knowledge and common sense to determine whether one can draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. There is substantial authority for courts to hold liable as employers individuals with varying amounts of equity and control over the entities and activities before the courts in FLSA cases. *See, e.g.*, *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668 (1st Cir.1998) (corporate officers may be held liable for civil monetary penalties pursuant to 29 U.S.C.A. §§ 216(e)); *Donovan v. Agnew*, 712 F.2d 1509 (1st Cir.1983) (officers personally liable for unpaid minimum and overtime wages); *Lopez v. Silverman*, 14 F. Supp. 2d 405 (S.D.N.Y.1998) (corporate president personally liable for unpaid overtime to same extent as corporate employer); *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329, 26 Fed. R. Serv.3d 921 (5th Cir.1993) (individual whose wife owned nightclub was FLSA employer even though his consulting agreement excluded personnel matters from his responsibilities, where he hired dancers, signed payroll checks, gave specific instructions to employees, and spoke for club during labor secretary's investigation); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-972 (5th Cir.1984) (corporate officer with no ownership interest held liable for FLSA violations where he began and controlled corporation and guided policies); *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983) (officers/directors actively involved in corporation's management, including employee compensation and benefits, liable as employers without regard to degree of ownership interest); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d

190, 194-195 (5th Cir.1983) (corporate officer with no ownership interest held to be "employer" where he exercised pervasive control over business and financial affairs of corporation). Additionally, an officer who is liable as an employer under the FLSA is liable in her individual capacity. *See Donovan v. Grim Hotel Company*, 747 F.2d 966, 971 (5th Cir.1984).

Despite the weight of authority to the contrary, Tillman contends that in order to find him personally liable for FLSA violations, this Court must pierce the corporate veil that protects shareholders in limited liability companies. This argument was considered and rejected in *Donovan v. Agnew*, 712 F.2d 1509, 1512-14 (1st Cir. 1983). In determining that individual liability would turn on the economic reality of the employer-employee relationship, the First Circuit noted that the term "employee" was given "what Senator Black described on the floor of the Senate as 'the broadest definition that has ever been included in any one act.'" *Id.* at 1513 (quoting 81 Cong. Rec. 7657 (internal quotation marks omitted)).

Therefore, this Court finds that Plaintiffs have satisfied the pleading requirements set forth under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Plaintiffs have alleged enough plausible facts to allow this Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. As previously mentioned, individual liability of a corporate officer or shareholder is dictated by the economic reality of the employment relationship. The extent of that relationship may be addressed as discovery progresses in this case. Although Tillman urges this court to treat his Motion to Dismiss as a Motion for Summary Judgment, the facts necessary for this Court to make such a determination have not yet been presented, and must await discovery in this case.

## **CONCLUSION**

For the reasons stated above, Defendant Tillman's Motion to Dismiss (Paper No. 18) is DENIED.

A separate Order follows.

Dated: October 26, 2010

/s/_____
Richard D. Bennett
United States District Judge