# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| JIMMIE PEARSON *et al.*, on their own behalf and on behalf of all similarly situated individuals<br><br>Plaintiffs,<br><br>v.<br><br>PROFESSIONAL 50 STATES PROTECTIONS, LLC, *et al.*<br><br>Defendants. | ) Case No.: 1:09-cv-03232-RDB |

**SETTLEMENT AGREEMENT AND RELEASEBY AND BETWEEN JIMMIE PEARSON, CHARLES STREETER AND ALPHONSO A. TILLMAN, TONSA T. DAVIS, PROFESSIONAL 50 STATES PROTECTION, LLC, AND REMOTE SURVEILLANCE TECHNOLOGY SOLUTIONS, INC.**

**THIS SETTLEMENT AGREEMENTAND RELEASE** (hereafter the "Agreement") is entered into and effective this 2nd day of May, 2012 by and between Jimmie Pearson, et al., class plaintiffs (hereafter collectively "the Plaintiffs") and Alphonso A. Tillman, Tonsa T. Davis, Professional 50 States Protection, LLC and Remote Surveillance Technology Solutions, Inc., (hereafter collectively "Defendants").

**WHEREAS,** on or about December 4, 2009, the Plaintiffs commenced a lawsuit in the United States District Court for the District of Maryland against Defendants captioned as*Pearson, et al. v.Professional 50 States Protection, LLC, et al.*, Case No. 1:09-CV-03232 (RDB), seeking relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Emp. § 3-401 *et seq.*, and the

Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Emp. § 3-501 *et seq.* (hereafter "the Lawsuit"); and

**WHEREAS**, Defendants subsequently answered the Plaintiffs' Complaint and denied liability to the Plaintiffs; and

**WHEREAS**, the Plaintiffs and Defendants now desire to compromise and settle all matters between them related to the Lawsuit;

**NOW, THEREFORE**, in consideration of the foregoing, and of the mutual covenants and promises set forth below, the sufficiency and adequacy of which is hereby acknowledged, and intending to be legally bound, the Plaintiffs and Defendants agree as follows:

**1. PAYMENT BY DEFENDANTS.**

1.1 Defendants shall pay to the Plaintiffs the principal sum of Sixty Thousand Dollars ($60,000.00) (hereafter the "Settlement Sum") as follows:

(a) Defendants shall make a two-part down payment with the initial payment of Ten Thousand Dollars ($10,000.00) by May 4th, 2012 and a second payment of Seven Thousand Dollars ($7,000.00) on or about June 15, 2012, within the next 45-days subject to the provisions of Section 2 below,

(b) The remaining principal balance of Forty-Three Thousand Dollars ($43,000.00) shall be paid by a Confessed Judgment Promissory note (hereafter "the Note") to be executed on the same date as this Settlement Agreement.

1.2 The Note shall contain the following payment terms:

(a) The Note shall bear interest at a rate of five percent (5%) per annum effective July 1st, 2012.

(b) Defendants shall pay monthly installments of Two Thousand and Five Hundred Dollars ($2,500.00) beginning on July 1st and continuing through and including October 1st, 2013.

(c) In addition to the monthly installments, Defendants shall tender a single balloon payment including the balance of Five Thousand and Five Hundred ($5,500.00) plus any outstanding interests, penalties and fees no later than November 1st, 2013.

(e) Defendants, in their discretion, may tender payment of the entire Note prior to November 1st, 2013, without pre-payment penalty.

1.3 The Note shall be in substantially the same form as that Note which is attached hereto as EXHIBIT 1.

1.4 All payments herein shall be made payable to Snider & Associates, LLC.

**2. PROCEDURE FOR WITHHOLDING OF TAXES.**

2.1 Defendants shall make appropriate withholdings for federal and state taxes on all payments of the portion of the Settlement Sum and shall provide documentation of such withholdings for the Plaintiffs.

2.2 The entirety of the amount identified in Section 2.1 shall be paid to Plaintiffs from the down-payment set forth in Section 1.1(a).

2.3 The Defendants shall utilize the SS numbers currently in their possession applicable to each of the named Plaintiffs in Section 2.1 as the identifying number upon

which to pay any taxes that may be due and owing on these settlement sums. Plaintiffs shall provide Social Security Numbers that are not in Defendants' possession.

**3. SECURITY PROVISIONS.**

3.1 Conditional Assignment. Defendants hereby irrevocably assign, pledge and grant to Plaintiffs an assignment of Collateral executable upon an Event of Default as defined in the Confessed Judgment Promissory Note. Defendants shall make notations, satisfactory to Plaintiffs, on its books and records disclosing the existence of Plaintiffs' conditional assignment in the Collateral. Plaintiffs shall have no liability or duty, either before or after the occurrence of an Event of Default, on account of loss of or damage to, or to collect or enforce any of its rights against the Collateral, or to preserve any rights against account debtors or other parties with prior interests in the Collateral. Plaintiffs' assignment in the Collateral shall be terminated upon Defendants' payment in full of the Confessed Judgment Promissory Note.

3.2 Collateral. Collateral shall mean all assets of Defendants, including but not limited to all of Defendants' accounts, as-extracted collateral, chattel paper, deposit accounts, documents, equipment, farm products, motor vehicles, fixtures, general intangibles, goods, instruments, inventory, investment property, letter-of-credit rights and all proceeds (cash and non-cash, including insurance and condemnation proceeds), products, substitutions, renewals, additions, accessions and replacements of all of the foregoing in any form whatsoever, and all books, records and data processing materials in any form (including tapes, disks and the like) documenting, describing or in any way relating to any or all of the foregoing, whether in the possession of Defendants or any

other person. Defendants acknowledge and agree that the foregoing collateral description is intended to include all assets of Defendants. Defendants shall have all risk of loss of the Collateral. Plaintiffs shall have no liability or duty, either before or after the occurrence of an Event of Default, on account of loss of or damage to, to collect or enforce any of its rights against, the Collateral, to collect any income accruing on the Collateral, or to preserve rights against account debtors or other parties with prior interests in the Collateral.The obligations of Defendants hereunder are independent of any other guaranty(s) at any time in effect and its obligation to pay the Confessed Judgment Promissory Note may be enforced regardless of the existence of any such other guaranty(s).

**4. DISMISSAL OF LAWSUIT.**

4.1 Upon receipt of the down-payment set forth in Section 1.1(a), the Plaintiffs shall dismiss all claims in the Lawsuit against Defendants by filing a Stipulation of Dismissal Without Prejudice with the United States District Court for the District of Maryland.

4.2 Upon Defendants' satisfaction of all payment obligations set forth in Section 1, the Plaintiffs shall file a Stipulation of Dismissal with Prejudice of all claims in the Lawsuit against Defendants.

4.3 In the event that Defendants default hereunder and on the Confessed Judgment Promissory Note Defendants waive any right to assert a statute of limitations.

**5. RELEASE OF CLAIMS BY PLAINTIFFS.**

5.1 Effective upon Defendants' satisfaction of all payment obligations set forth in Section 1 of this Agreement, Plaintiffshereby remise, release, and forever discharge Defendants, and all of its parent, subsidiary and affiliated companies, itssuccessors and assigns, and all of itspresent or former officers, directors, administrators, attorneys, accountants, Plaintiffs, principals and agents (in their individual and representative capacities), from all actions, causes of action, suits, liens, debts, dues, damages, sums of money, claims, contracts and demands, known or unknown, resulting from, arising from, or in any manner related to the Lawsuit. Any language to the contrary notwithstanding, the foregoing release does not apply to or otherwise affect any rights or obligations arising under this Agreement.

**6. FEES AND COSTS.**

6.1 Plaintiffs acknowledge that their legal fees shall be paid from an allocation of the Settlement Sum.

**7. NO ADMISSION OF WRONGDOING OR LIABILITY.**

7.1 All parties acknowledge and agree that this Agreement is in compromise and settlement of disputed claims, as set forth herein, and nothing contained in this Agreement constitutes or will be regarded or deemed an admission of liability or wrongdoing by any party.

**8. REPRESENTATIONS AND WARRANTIES.**

8.1 The Plaintiffs declare, represent and warrant that:

a. They have read this Agreement and have had an opportunity to consult with counsel concerning the contents of this Agreement, and it is their

belief that the settlement and release accomplished by this Agreement is in their best interest.

b. In executing this Agreement, they have relied solely upon their own judgment, belief and knowledge, in consultation with their attorneys and other advisors, of the nature, extent, effect, and duration of any damages suffered by it and of the validity and substance of all claims asserted, or which could have been asserted, and have not relied upon any statement or representation of the other party, or by the other party's counsel or other agents or representatives.

c. They have not assigned or transferred, or purported to assign or transfer, to any person, entity or party any claim, cost or cause of action they are releasing by this Agreement.

**9. ENTIRE AGREEMENT.**

9.1 No promise, enticement, or agreement not herein expressed has been made by the parties and the terms of this Agreement constitute the entire agreement between the parties with respect to the subject matter hereof. The terms of this Agreement are contractual and not merely a recital. No oral statements or prior writings will have any force or effect related thereto.

**10. MODIFICATIONS.**

10.1 The terms and provisions of this Agreement may not be changed, waived, modified or varied in any manner whatsoever unless there is a writing duly signed by representatives of all parties memorializing such modifications.

**11. BINDING EFFECT.**

11.1 The parties will cooperate fully and execute any and all supplementary documents and take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

11.2 This Agreement shall be binding upon and inure to the benefit of the parties hereto and their successors or assigns.

**12. ENFORCEABILITY OF AGREEMENT.**

12.1 In the event of any question or dispute under this Agreement, the parties agree that the terms of this Agreement shall not be construed against either of the parties, but shall be given a reasonable construction.

12.2 In case any provision (or any part of any provision) contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Agreement, but this Agreement shall be construed as if such invalid, illegal or unenforceable provision (or any part thereof), had never been contained herein, but only to the extent it is invalid, illegal or unenforceable.

**13. CHOICE OF LAW AND VENUE.**

13.1 This Agreement shall be construed under and governed by the laws of the State of Maryland.The parties further agree that any litigation arising out of this Agreement shall be commenced in a federal or state court located within the State of Maryland. Prior to the commencement of any litigation with respect to any issue relating to this Agreement, the parties agree to meet and confer to seek a resolution of the matter.

**14. HEADINGS.**

14.1 The section headings herein are for convenience only, and shall not affect the interpretation or construction of this Agreement.

**15. COUNTERPARTS.**

15.1 This Agreement may be executed in one or more counterparts, each of which shall be an original, but all of which shall constitute one and the same instrument. Facsimile signatures may be used by the parties and shall be treated as original signatures for all purposes.

//
//
//
//
//
//
//
//
//
//
//
//
//

**IN WITNESS WHEREOF,** the parties hereto, intending to be legally bound, have executed this Agreement as of the day and year written above.

WITNESS: ______________________

**PLAINTIFF JIMMIE PEARSON** ______________________

WITNESS: ______________________

**PLAINTIFF CHARLES STREETER** ______________________

WITNESS: ______________________

**DEFENDANT PROFESSIONAL 50 STATES PROTECTION LLC**

By: ______________________
Name:
Title:

WITNESS: ______________________

**DEFENDANT REMOTE SURVIELACE TECHNOLOGY SOLUTIONS INC**

By: ______________________
Name: Alphonso A. Tillman
Title: CEO

WITNESS: ______________________

**DEFENDANT ALPHANSO A. TILLMAN** ______________________

WITNESS: ______________________

**DEFENDANT TONSA DAVIS** ______________________

**IN WITNESS WHEREOF,** the parties hereto, intending to be legally bound, have executed this Agreement as of the day and year written above.

WITNESS: ______________________

**PLAINTIFF JIMMIE PEARSON**

______________________

WITNESS: ______________________

**PLAINTIFF CHARLES STREETER**

______________________

WITNESS: [signature]

**DEFENDANT PROFESSIONAL 50 STATES PROTECTION LLC**

By: [signature]
Name:
Title:

WITNESS: [signature]

**DEFENDANT REMOTE SURVIELACE TECHNOLOGY SOLUTIONS INC**

By: [signature]
Name: Alphonso A. Tillman
Title: CEO

WITNESS: [signature]

**DEFENDANT ALPHANSO A. TILLMAN**

[signature]

WITNESS: [signature]

**DEFENDANT TONSA DAVIS**

[signature]

**CONFESSED JUDGMENT**
**PROMISSORY NOTE**

$60,000.00
Principal Sum

May 2, 2012
Baltimore, Maryland

FOR VALUE RECEIVED, the undersigned, Professional 50 States Protection, LLC, Alphonso A. Tillman, and Tonsa Davis (collectively referred to as the "Maker"), shall pay to Jimmie Pearson, et al., (referred to collectively as the "Lender"), at such other place as the holder hereof may from time to time designate in writing, the principal sum of Sixty Thousand Dollars ($60,000.00), in full and all other applicable fees, costs, and charges, if any, upon the schedule set forth in this Note. The Principal Sum shall be subject to five percent (5%) per annum interest. The Principal Sum and Interest shall be paid in full by November 1, 2013. Each of the payments hereunder shall be made in lawful money of the United States by wire transfer or check.

1. Payment Term. The term of this Note shall commence on July 1, 2012 and end on November 1, 2013.

2. Payment Schedule.

2.1 The Principal Sum shall be paid in:

a. Fifteen (15) monthly installments of Two Thousand and Five Hundred Dollars ($2,500.00) due and payable on the 1st of each month commencing on July 1, 2012.

b. Interest shall be added to each monthly installment at a rate of 5 percent (5%) per annum interest.

c. A two-part balloon payment of Seventeen Thousand Dollars ($17,000.00) is due on or before June 15, 2012. The first balloon payment of Ten Thousand Dollars shall be made no later than May 4th, 2012. The second balloon payment of Seven Thousand Dollars shall be made no later than June 15th, 2012.

d. The entire outstanding balance including principal and interest is due on or before November 1st, 2013.

e. For the purposes of this Note, an installment or any other amount due under this Note is paid when funds are actually and unconditionally available to and in the possession of the Lender.

3. Late Payment Penalty and Acceleration. If any installment is not paid within five (5) business days after the date on which it is due the Maker shall pay a penalty equal to Five Percent (5%) of the unpaid installment for each month or portion thereof that the unpaid

installment remains outstanding. If any installment including any penalty or other charge remains unpaid after the 5-business day period has expired, this Note shall accelerate and the full amount of this Note including any penalty then due and owing shall become immediately due and payable on the first business day after the expiration of the 5-business day period, accept as provided in paragraph 4 below. If the full amount of this Note then due and owing is not received by the Lender on that day, then the Maker shall be in default and the Lender may seek any remedy or enforce any right available under this Note, at law or in equity. All payments received hereon shall be applied first to late charges, if any, then to Principal.

4. Notice of Right to Cure Loan Default. Prior to the initiation of any action to accelerate the loan and the full amount of this Note including any penalty then due, Lender shall notify Maker in writing of right to bring loan current before any further actions are taken against Maker. Maker shall have five (5) business days after receipt of notice of default to cure any such default.

5. Pre-Payment. This Note may be prepaid, in whole or in part, at any time without penalty. Any partial prepayments shall not, however, relieve the Maker of the obligation to pay principal hereunder as and when the same would otherwise be due.

6. Waivers. The Maker (i) waives presentment, demand, protest and notice of presentment, notice of protest and notice of dishonor of this debt and each and every other notice of any kind respecting this Note except as otherwise expressly provided for herein, (ii) agrees that the Lender, at any time or times, without notice to Maker or to Maker's consent, may grant extensions of time, without limit as to the number or the aggregate period of such extensions, for the payment of any principal due hereon, and (iii) to the extent not prohibited by law, waives the benefits of any law or rule of law intended for its advantage or protection as a debtor hereunder or providing for its release or discharge from liability hereon, in whole or in part, on account of any facts or circumstances other than full and complete payment of all amounts due hereunder.

7. Joint and Several Liability. The Makers are jointly and severally liable under this Note. Each Maker is liable for the full amount of the indebtedness due under this Note. The judgment confessed under this Note may be entered against each of any of the Makers for the full amount of indebtedness due under this Note or all of them as the Lender may choose.

8. Confession of Judgment. The Maker authorizes, empowers and appoints Michael J. Snider, attorney at law, as their attorney in fact under the applicable provisions of the Annotated Code of Maryland to appear in any Court located in the State of Maryland that has subject matter jurisdiction over an action to enforce this Note, to waive the issuance and service of process, and to confess judgment against Maker in favor of the Lender for the total amount listed by the Lender in its affidavit, which amount shall include, but not be limited to, all unpaid Principal, attorneys' fees and costs, as Maker may be liable for to the Lender by reason of this Note. Michael J. Snider shall be entitled, authorized and directed to rely upon the accurate affidavit of the Lender in determining the amount of the liability of Maker hereunder. The judgment lien so acquired shall be a lien against all of the real property of Maker immediately upon the filing of Maker's judgment in the office of the Clerk of the Court in which the action is brought. The

judgment lien so acquired shall become a lien on Maker's revenues from whatever source upon proper levy pursuant to the relevant provisions of the applicable law.

A. If the Clerk of any Court located in the State of Maryland or any judge of any such Court should for any reason refuse to file or so order the judgment confessed under this Note, the Makers waive the grounds upon which any such refusal is based and authorizes and empowers Michael J. Snider to avail himself of any legal means, both substantive or procedural, to accomplish the legal effect and consequences of a confessed judgment promissory note or judgment cognovit.

B. The Maker acknowledges that because the confession of judgment referred to above is entered immediately upon request of the Lender after determination of a default but before all remedies are pursued and exhausted, that such judgment may be for an amount which exceeds the amount of the ultimate liability of Maker to the Lender. However, Maker authorizes entry of such judgment immediately upon request of the Lender in order to further and better assure that it will be made whole to the extent of Maker's obligations hereunder. The resulting judgment will be released only upon payment in full to the Lender of all obligations owed to it pursuant to this Note.

C. The authority and power to appear for and enter judgment against Maker shall not be exhausted by one or more exercises thereof or by any imperfect exercise thereof and shall not be extinguished by any judgment entered pursuant to any such imperfect exercise, unless such judgment satisfies Makers' obligations under this Note. Such authority may be exercised on one or more occasions or from time to time in the same or different jurisdictions as often as the Lender shall deem necessary or desirable, for all of which this Note shall be a sufficient warrant.

9. Costs of Collection. The Maker shall pay all costs of collection, including reasonable attorneys' fees, upon default in the payment of any installment under this Note when due.

10. Assignment and Delegation. The Lender or any subsequent holder may assign this Note any time and from time to time.

11. Security Interest. This Note is secured by a secured interest granted by the Maker under a Security Interest of even date. The rights and remedies of the Lender under that Agreement are cumulative with the rights and remedies of the Lender under this Note. In the event of a default under this Note, the Lender may avail itself of any rights or remedies under that Agreement in addition to and not instead of any rights or remedies under this Note.

12. Governance Provisions.

A. If any one or more of the provisions contained in this Note shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Note, but this Note shall be construed as if such invalid, illegal or unenforceable provision had never been contained in this Note.

B. This Note may not be changed orally, but only by an agreement in writing signed by each of the Parties, or their representatives.

C. The payment obligation under this Note is independent from any other obligation that exists or may exist between the Lender and the Maker.

D. This Note shall be binding upon and shall inure to the benefit of the Parties hereto and their respective estates, heirs, executors, administrators, personal representatives, successors and assigns.

E. This Note shall be governed exclusively by the Laws of the State of Maryland. The Maker of this Note consents to the personal jurisdiction and venue of the Courts located in the State of Maryland.

EACH INDIVIDUAL WHO EXECUTES THIS NOTE ACKNOWLEDGES AND UNDERSTANDS THAT HE IS PERSONALLY LIABLE TO THE EXTENT OF HIS PERSONAL ASSETS FOR THE TOTAL AMOUNT OF THE INDEBTEDNESS INCLUDING COSTS OF COLLECTION DUE AND EVIDENCED BY THIS NOTE.

EACH INDIVIDUAL WHO EXECUTES THIS NOTE ACKNOWLEDGES AND UNDERSTANDS THAT THIS IS A CONFESSED JUDGMENT NOTE WHICH MEANS THAT IN THE EVENT OF A DEFAULT THE INDIVIDUAL WILL BE PRECLUDED FROM ASSERTING THAT HE IS NOT LIABLE UNDER THIS NOTE.

THIS NOTE SHALL BE GOVERNED IN ALL RESPECTS BY THE LAWS OF THE STATE OF MARYLAND. EACH MAKER OF THIS NOTE CONSENTS TO THE PERSONAL JURISDICTION AND VENUE OF THE COURTS LOCATED IN THE STATE OF MARYLAND AND THE APPLICABILITY OF THE LAW OF THE STATE OF MARYLAND, WITHOUT REGARD TO ANY CONFLICT OF LAWS OR PROVISIONS, AND DEFENSE TO VENUE, JURISDICTION OR TO THE APPLICABILITY OF OR CONFLICT WITH ANY OTHER AGREEMENT BETWEEN THE PARTIES, IT BEING AGREED THAT THIS NOTE SHALL AT ALL TIMES CONTROL.

INTENDING TO BE LEGALLY BOUND, the undersigned has executed this Note.

Professional 50 States Protection, LLC TIN#
Maker

Witness

Remote Surveillance Technology Solutions, Inc.
Maker

Witness

Alphonso A. Tillman SS#
Maker

Witness

Tonsa Davis SS#
Maker

Witness