IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JIMMIE PEARSON** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO.  JKB-09-3232 |
| **PROF'L 50 STATES PROT., LLC,** *et al.* | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

The Court has reviewed the parties' joint motion for approval of the settlement agreement (ECF No. 85) and has found it wanting.  In the Court's earlier, supplemental order of April 4, 2012 (ECF No. 81), the parties were "directed to submit a detailed, joint request for approval, guided by the *Lane* [*v. Ko-Me, LLC*, Civ. No. DKC-10-2261, 2011 WL 3880427 (D. Md. Aug. 31, 2011)] opinion, along with a proposed order."  Because the parties disputed the amount of wages owed, they, in keeping with the *Lane* opinion, were required to provide each party's estimate of the number of hours worked and the applicable wage.  *Id.* at \*2 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-42 (M.D. Fla. 2010)).  The Court notes an earlier letter order of Magistrate Judge Gauvey, who assisted the parties with mediation of this case, requiring the submission to her by Plaintiffs' counsel of "an itemization that is the basis for your . . . demand for each of the plaintiffs listed."  (ECF Nos. 77, 82.)  This is the type of itemization now needed for the Court to consider the reasonableness and fairness of the proposed settlement, particularly since the parties suggest the settlement represents a discounted amount to the Plaintiffs.

Additionally, the parties have provided no factual basis for the Court to assess the reasonableness of the portion of the settlement amount that is intended to represent the attorneys' fees to be paid by Defendants to Plaintiffs. The *Lane* opinion also speaks to the required documentation the parties should submit to support such a request: "declarations establishing the hours expended, broken down for each task, and demonstrating that the hourly rate was reasonable." *Lane*, 2011 WL 3880427, at *3. This information should be consistent with that prescribed by the Fourth Circuit in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). If the settlement amount to Plaintiffs for wages owed represents a discounted amount, then the parties should explain whether the requested attorneys' fees are similarly discounted, and if not, why. Finally, no proposed order was submitted with the motion.

The parties' joint supplemental submission, including a proposed order, should be filed on or before **July 9, 2012**. Should the parties fail to submit the required information by that date, the previous settlement order (ECF No. 80) will be vacated and this matter will be set in for trial. SO ORDERED.

DATED this 28th day of June, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge